# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISION

| | | |
|---|---|---|
| **CERTAIN UNDERWRITERS AT LLOYD'S, LONDON SUBSCRIBING TO POLICY NO. TCN098161** | § § § § | |
| *Plaintiffs,* | § § | |
| **v.** | § § | **CIVIL ACTION NO. _____** |
| **THE FARM DRINKERY, LLC AND SHARON MCARTHUR** | § § § | |
| *Defendants.* | § § | |

## PLAINTIFFS' ORIGINAL COMPLAINT AND
## REQUEST FOR DECLARATORY JUDGMENT

Plaintiffs Certain Underwriters at Lloyd's, London ("Underwriters"), pursuant to 28 U.S.C. §§ 2201, 2202 and Federal Rule of Civil Procedure 57, file this Original Complaint and Request for Declaratory Judgment against Defendants The Farm Drinkery, LLC And Sharon McArthur. Plaintiffs seek a declaratory judgment that various policy provisions in Policy No. TCN098161 exclude coverage for both defense and indemnity related to Dram Shop Act claims made against The Farm Drinkery, LLC in a lawsuit styled: Cause No. 2020-23744; *Sharon McArthur, Individually as Representative of the Estate of Kevin Whitlock, Deceased v. The Farm Drinkery, LLC and Luis Vargas*; In the 80th Judicial District of Harris County, Texas (the "Underlying Lawsuit").

## I.    PARTIES

1.    Plaintiffs are Certain Underwriters at Lloyd's, London Subscribing to Policy No. TCN098161. Plaintiffs are underwriting syndicates incorporated and domiciled in the United Kingdom, with their principal place of business in London, England, United Kingdom.

2.      Defendant The Farm Drinkery, LLC is a Texas limited liability company doing business in the State of Texas with its principal place of business located in Harris County, Texas. Upon information and belief, The Farm Drinkery, LLC is a member-managed limited liability company and the sole member of The Farm Drinkery is Austin Schuring, who is a resident of Spring, Texas. The Farm Drinkery, LLC may be served through its registered agent, United States Corporation Agents, Inc. at 9900 Spectrum Drive, Austin, Texas 78717, or wherever it may be found.

3.      Defendant Sharon McArthur is a resident of the State of Texas according the pleadings in the Underlying Lawsuit, but her address is unknown. Plaintiffs have requested that Ms. McArthur's counsel in the Underlying Lawsuit accept service on her behalf, but counsel has not yet responded.

## II.      JURISDICTION AND VENUE

4.      The amount in controversy exceeds $75,000.00, exclusive of interest and costs, as the underlying plaintiff seeks in excess of $1,000,000 in the Underlying Lawsuit, and this is an action between citizens of different states. Thus, diversity jurisdiction is proper pursuant to 28 U.S.C. § 1332(a)(1).

5.      Venue is proper in the Houston Division of the Southern District of Texas pursuant to 28 U.S.C. §1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred in Harris County, Texas.

### III.    FACTUAL BACKGROUND

**A.    The Underlying Lawsuit**

6.    On or about April 15, 2020, Sharon McArthur, Individually and as a Representative of the Estate of Kevin Whitlock, filed a lawsuit against The Farm Drinkery, LLC ("Farm Drinkery") and Luis Vargas. McArthur alleges that on or about April 18, 2018, Luis Vargas was a patron at Farm Drinkery where he became intoxicated. McArthur further alleges that upon leaving Farm Drinkery in an inebriated stated, Vargas hit and killed Kevin Whitlock (the "decedent"), who was a pedestrian.

7.    McArthur asserts a cause of action under the Dram Shop Act pursuant to section 2.02(b) of the Texas Alcoholic Beverage Code against Farm Drinkery. McArthur alleges that Farm Drinkery was a negligent provider under the Dram Shop Act in that they served, sold, or provided alcoholic beverages to a person who was obviously intoxicated to the extent they presented a clear danger to themselves and others. McArthur further alleges this conduct by Farm Drinkery contributed to Vargas' state of intoxication and was a proximate cause of the injuries sustained by decedent.

8.    McArthur also asserts a cause of action of *respondeat superior* against Farm Drinkery alleging it controlled the physical details of the manner of performance of the conduct of its employees or agent so as to subject Farm Drinkery to vicarious liability for the torts of its employees or agents. Alternatively, McArthur alleges that at all times relevant to the Underlying Lawsuit the acts of the employees of Farm Drinkery were performed during their employment with Farm Drinkery to further its business, to accomplish the objective for which they were hired, and were within the course and scope of employment or within the authority delegated to them so as to subject Farm Drinkery to vicarious liability for their torts..

**B.      The Policy**

9.      Underwriters issued a Commercial General Liability policy to The Farm Drinkery, LLC, Policy No. TCN098161 (the "Policy"), for a policy period of November 2, 2017 to November 2, 2018.

10.      The Policy contains Commercial General Liability Coverage Form CG 00 01 12 04 which provides in relevant part:

**SECTION 1 – COVERAGES**

**COVERAGE A. BODILY INJURY AND PROPERTY DAMAGE LIABILITY**

**1.      Insuring Agreement**

a.      We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. We may, at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result. But:

(1)      The amount we will pay for damages is limited as described in Section **III** – Limits Of Insurance; and

(2)      Our right and duty to defend ends when we have used up the applicable limit of insurance in the payment of judgments or settlements under Coverages **A** or **B** or medical expenses under Coverage **C**.

No other obligation or liability to pay sums or perform acts or services is covered unless explicitly provided for under Supplementary Payments - Coverages **A** and **B**.

b.      This insurance applies to "bodily injury" and "property damage" only if:

(1)      The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory";

(2)      The "bodily injury" or "property damage" occurs during the policy period;. . .

Page - 4

11.     The Policy contains the following relevant definition:

## SECTION V – DEFINITIONS

. . .

**3**.    "Bodily injury" means bodily injury, sickness or disease sustained by a person, including death resulting from any of these at any time.

12.     The Policy also contains the following relevant exclusion:

## 2.    Exclusions

This insurance does not apply to:

**c.     Liquor Liability**

"Bodily injury" or "property damage" for which any insured may be held liable by reason of:

**(1)**   Causing or contributing to the intoxication of any person;
**(2)**   The furnishing of alcoholic beverages to a person under the legal drinking age or under the influence of alcohol; or
**(3)**   Any statute, ordinance or regulation relating to the sale, gift, distribution or use of alcoholic beverages. This exclusion applies only if you are in the business of manufacturing, distributing, selling, serving or furnishing alcoholic beverages.

13.     Finally, the Policy amends the above Liquor Liability exclusion by endorsement

CG 21 50 09 89 on the LLOYDS-GL-01 form, which provides:

### AMENDMENT OF LIQUOR LIABILITY EXCLUSION

This Endorsement modifies insurance provided under the following: COMMERCIAL GENERAL LIABILITY COVERAGE PART

Exclusion c. of Coverage A (Section I) is replaced by the following:

c.     "Bodily Injury" or "Property Damage" for which any insured may be held liable by reason of:

(1)    Causing or contributing to the intoxication of any person
(2)    The furnishing of alcoholic beverages to a person under the legal drinking age or under the influence of alcohol: or
(3)    Any statute, ordinance or regulation relating to the sale, gift, distribution or use of alcoholic beverages.

This exclusion applies only if you:

(1)     Manufacture, sell or distribute alcoholic beverages;
(2)     Serve or furnish alcoholic beverages for a charge whether
        or not such activity:
        (a)     Requires a license
        (b)     Is for the purpose of financial gain or livelihood; or
(3)     Serve or furnish alcoholic beverages without a charge, if a license
        is required for such activity.

## IV.     CAUSES OF ACTION

**DECLARATORY RELIEF**

14.     Underwriters incorporate the above paragraphs as though fully set forth herein.

15.     Underwriters seeks declaratory relief from this Court pursuant to 28 USC §2201 and FRCP 57. A dispute has arisen as to whether coverage is afforded to The Farm Drinkery, LLC under the Policy for the claims asserted in the Underlying Lawsuit. Under the terms of the Policy, however, there is no coverage for the Underlying Lawsuit.

16.     Specifically, no coverage is afforded under the Policy because coverage is precluded by the Amendment of Liquor Liability Exclusion endorsement. The "bodily injury" for which the underlying plaintiff seeks to hold The Farm Drinkery, LLC liable is due to The Farm Drinkery, LLC allegedly causing or contributing to the intoxication of the decedent.

17.     Accordingly, Underwriters requests this Court to enter the following declaration: Underwriters has no duty to defend or indemnify Defendant The Farm Drinkery, LLC against the claims asserted in the Underlying Lawsuit under the Policy.

## V.     CONDITIONS PRECEDENT

18.     All conditions precedent to Underwriters obtaining declaratory relief have been performed or have occurred.

HOUIMAN\708981-1

## VI.    PRAYER FOR RELIEF

FOR THESE REASONS, Underwriters request that Defendants be cited to appear and answer, and that upon final trial, Underwriters have the following:

A.    A declaration that Underwriters has no duty to defend or indemnify Defendant The Farm Drinkery, LLC against the claims asserted in the Underlying Lawsuit under the Policy;

B.    Costs of suit; and

C.    Such other and further relief to which Underwriters may be justly entitled.

Respectfully submitted,

HOLMAN FENWICK WILLAN USA LLP

By:    /s/ *Cade W. White*
        **Cade W. White**
        TBN: 24051516
        cade.white@hfw.com
        5151 San Felipe, Suite 400
        Houston, Texas  77056
        (713) 917-0888  Telephone
        (713) 953-9470  Telefax

ATTORNEYS FOR PLAINTIFFS